IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DELEA D. DYKSTRA, | Civil No. 04-6151-HO |
| Plaintiff, | ORDER |
| v. | |
| COMMISSIONER, Social Security Administration, | |
| Defendant. | |

Plaintiff seeks judicial review of the decision of the Commissioner denying her application for Supplemental Security Income benefits.

## Discussion

Plaintiff contends the administrative law judge (ALJ) erred by (1) finding she does not have an impairment or combination of impairments that meets or equals in severity an impairment listed in 20 C.F.R., § Subpt. P, App. 1, (2) rejecting her testimony, and (3) finding she retains the ability to perform certain jobs. Plaintiff alternatively argues that this matter should be

remanded for further development of the record regarding her mental impairment, and for a medical expert to determine whether the condition of her knees is medically equivalent to Listing 1.02.

Plaintiff argues that the ALJ did not state adequate grounds to reject Dr. Cronk's March 6, 2000 opinion that plaintiff's bilateral knee conditions meet the severity criteria set forth in Listing 1.03 (revised and renumbered 1.03A in 2001, and 1.02 in 2002).[1] The ALJ addressed Dr. Cronk's opinion and noted that it predates surgical procedures on both knees and the relevant period of adjudication, and that the record demonstrates post-surgery improvement. (Tr. 18). In this regard, the ALJ cited Dr. Cronk's October, 2001 post-surgery opinion that plaintiff would be relatively comfortable in a sedentary position and capable of gainful employment. Id. The ALJ stated sufficient reasons to reject Dr. Cronk's March 6, 2000 opinion that plaintiff's knee conditions meet the severity criteria of a listed impairment.

Plaintiff asserts that the ALJ failed to undertake a discussion of reasons why plaintiff's knee conditions do not equal the severity criteria of Listing 1.02. The ALJ addressed the medical evidence and determined plaintiff's functional abilities. Plaintiff does not explain how involvement with two

---

[1] See 66 Fed.Reg. 58,010, 58,017 (November 19, 2001).

joints establishes medical equivalency. The ALJ was not required to develop this theory on his own. <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1100 (9th Cir. 1999).

The ALJ found plaintiff credible only to the extent that the medical evidence supports her allegations. Plaintiff argues that the ALJ did not properly discredit her testimony, and that is must be credited as a matter of law, because Dr. Matthews concluded there is objective evidence of pain. Pl's Brief at 18, citing to (Tr. 259). There appears no dispute that plaintiff has an impairment or impairments that cause some degree of pain. The ALJ stated legally sufficient reasons for finding plaintiff only partially credible. He cited to medical opinions that plaintiff can perform sedentary work, as well as activities of daily living inconsistent with plaintiff's claim of total disability. (Tr. 21). Such activities include taking care of two teenagers, driving, selling jewelry, remodeling, painting, moving furniture and gardening. <u>Id</u>. Medical evidence and activities are proper considerations for determining credibility. <u>Burch v. Barnhart</u>, 400 F.3d 676, 680-81 (9th Cir. 2005). The ALJ's reasons are supported by substantial evidence. (Tr. 21, 158, 159, 176, 258, 260, 278).

Because he made a permissible determination of plaintiff's credibility and did not err in rejecting Dr. Cronk's March 6, 2000 opinion, the ALJ did not have to include all of plaintiff's

3 - ORDER

stated limitations in his determination of plaintiff's residual functional capacity. The ALJ therefore permissibly relied on vocational expert testimony to determine that plaintiff can perform work that exists in the national economy.

The ALJ noted the diagnosis of panic attacks in remission, and plaintiff attributes no functional limitations to a mental impairment. Remand for development of the record regarding mental impairments is thus not warranted. Plaintiff further argues that remand is needed because medical experts have not evaluated her claim of equivalency to Listing 1.02. DDS physicians completed assessments of plaintiff's residual functional capacity. (Tr. 152-57, 202-09). Although the assessments do not specifically refer to Listing 1.02, they are inconsistent with the degree of functional limitation required to meet or equal the listing. The ALJ reviewed an adequate record. Remand would serve no useful purpose.

## Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED this 25th day of April, 2005.

Michael R. Hogan
United States District Judge